# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                      Case No. 11-CR-175

**MONTRELL K. MORRIS,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION
## FOR RELEASE PENDING REVOVATION

On September 19, 2018, Montrell K. Morris appeared before me for an initial appearance on a petition to revoke his supervised release. At that hearing, I detained Morris pending his revocation hearing before Judge Pepper on October 26, 2018 at 11:00 a.m. On October 11, 2018, Morris wrote a letter addressed to Judge Pepper asking for release pending his revocation hearing. (Docket # 50.) I construe this letter as a motion to reconsider the detention order under 18 U.S.C. § 3142(f)(2). As such, because Morris is represented by counsel, I can disregard his motion because a represented defendant cannot also litigate his own motions. *See United States v. Avery*, 2010 U.S. Dist. LEXIS 38176 (E.D. Wis. Apr. 19, 2010); *see also United States v. Johnson*, 223 F.3d 665, 668 (7th Cir. 2000).

However, in the interest of addressing motions on their merits rather than procedural grounds, I will address Morris' motion for reconsideration. In his motion, Morris seeks release so he can get back to work and take some of the financial burden of caring for three children off his fiancée's shoulders. Morris also would like to work to give his attorney the resources to prepare his defense. (Docket # 50.)

To address Morris' request, it is important to recount the history which led to Morris' detention. On October 27, 2017, Morris appeared before Judge Pepper for a revocation

hearing. That revocation petition was based on Morris' state court conviction for eluding/fleeing the police. On that date, Judge Pepper did not revoke Morris but adjourned the hearing to January 11, 2018 to allow Morris to continue serving his state Huber sentence which allowed him to work. Judge Pepper warned Morris that if there were any problems, he would be returned to court before the January 11, 2018 hearing. (Docket # 37.)

Upon returning to court on January 11, 2018, Judge Pepper again adjourned the revocation hearing to give Morris a chance to show that he can succeed living crime free. At that time, Morris had a new baby and was maintaining employment. Judge Pepper set the hearing out to May 10, 2018. Judge Pepper also warned Morris that any violations for possessing or selling drugs would land him back in court at which time she would be far less inclined to giving him any more chances. (Docket # 41.)

On January 30, 2018, mere weeks after appearing before Judge Pepper, Morris allegedly sold heroin to an undercover law enforcement agent. The transaction was recorded on an audio/video recording device. (Docket # 42.) Morris has pled not guilty and final pretrial and jury trial are scheduled for November 30, 2018 and January 7, 2019 respectively. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County, Case No. 2018CF1932, at http://wcca.wicourts.gov (last visited Oct. 12, 2018).

It is based on this history of already being given chances and allegedly committing yet another felony while on supervised release that Morris was detained pending his revocation hearing. While Morris' reasons for requesting release are legitimate and understandable, Morris does not address the prior chances that he received to stay out of jail to work to support his family. Though I am sympathetic to the burden Morris' incarceration places on his family, I respectfully decline to reopen the detention hearing and release Morris pending his revocation hearing.

**SO ORDERED** this 12th day of October, 2018.

                                                BY THE COURT:

                                                *s/Nancy Joseph*  
                                                NANCY JOSEPH  
                                                United States Magistrate Judge