UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MONTRELL K. MORRIS,

        Defendant.

Case No. 11-Cr-175-pp

---

**ORDER DENYING DEFENDANT'S *PRO SE* REQUEST
FOR A BOND HEARING (DKT. NO. 60)**

---

On May 7, 2018, this court issued a warrant for the defendant's arrest, based on allegations from the probation department that he had violated the conditions of his supervised release. Dkt. No. 42. The court issued this warrant three days before an adjourned revocation hearing, which the court had set to allow the defendant to successfully complete a state Huber sentence. The court removed the May 10, 2018 revocation hearing from the docket pending the defendant's arrest on the warrant. Id.

The warrant was executed on September 19, 2018, and the defendant made his initial appearance before Judge Joseph on that day. Dkt. Nos. 43, 45. Judge Joseph ordered the defendant detained, in large part because this court had, after finding that the defendant had committed a violation that *required* revocation, nonetheless adjourned his revocation hearing to give him a chance to succeed on Huber. Dkt. No. 43. Judge Joseph scheduled a revocation hearing before this court for October 26, 2018. Id.

1

On October 11, 2018, the defendant's federal lawyer filed a motion, asking Judge Joseph to release the defendant on bond. Dkt. No. 50. Judge Joseph denied that motion, for the same reasons she detained the defendant to begin with. Dkt. No. 51. On October 25, 2018, defense counsel asked this court to review Judge Joseph's detention order. Dkt. No. 53. The court, after reviewing the government's response and defense counsel's reply, declined to grant the defendant release on bond; the court explained its reasoning in a seven-page decision. Dkt. No. 57.

On December 20, 2018, the defendant's federal attorney asked the court to allow him to withdraw as counsel; he indicated that the defendant's state-court counsel, Nicole Mueller, had confirmed to him that she would represent the defendant in this federal case. Dkt. No. 58. The court granted the motion and allowed federal defense counsel to withdraw. Dkt. No. 59.

On December 27, 2018, the court received a letter from the defendant. Dkt. No. 60. He first indicated that he did not want his federal lawyer to represent him any longer, and that he wanted Nicole Mueller to represent him. Id. He also told the court that his state prosecution had been delayed (he says there is a final pretrial date in February, and a trial date in April). Id. Finally, he indicated (as the court already knew) that he had posted bond on the state charges, and that the only reason he is being held is due to the federal detainer. He asked the court to schedule a federal bond hearing. Id.

The court will not schedule a federal bond hearing. First, the defendant does not have a lawyer. While the defendant (and his former lawyer) told the court that Attorney Nicole Mueller would be representing him in federal court, Nicole Mueller has not filed a notice of appearance on the defendant's behalf. Perhaps she is planning to represent the defendant in federal court, but thus

far, she has not done so. Second, the court had scheduled a revocation hearing for October 26, 2018, but *the parties*—the prosecutor and the defendant's former federal defense attorney—asked the court to take that hearing off the calendar. The court did so. The court is in the process of setting a new revocation hearing date. The defendant—or, if he has a lawyer by then, his lawyer—can make whatever arguments he wants to make about bond at that time. Finally, the court explained in its November 9, 2018 order denying the defendant bond why it was doing so. The defendant faces mandatory revocation with a sentencing guideline range of twelve to eighteen months. He was arrested on the federal warrant on September 19, not quite four months ago. The court advised the defendant when it adjourned the revocation hearing to allow him to successfully complete Huber that if he violated his supervised release before May 10, 2018, the court wasn't going to give him any further chances. The defendant can discuss his situation with the court at the adjourned revocation hearing, once the court schedules it.

The court **DENIES** the defendant's *pro se* letter request for a bond hearing. Dkt. No. 60.

Dated in Milwaukee, Wisconsin this 9th day of January, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**

3