UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v().

                                Case No. 11-cr-175-pp

MONTRELL K. MORRIS,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO REVIEW AND REVOKE DETENTION ORDER (DKT. NO. 65)**

---

On November 9, 2018, the court issued an order denying the defendant's motion for release, and it explained in detail why it was not going to reverse Judge Joseph's decision to detain the defendant pending his revocation hearing. Dkt. No. 57. After the court issued that order, the defendant filed a *pro se* motion asking for release, dkt. no. 60; the court denied that motion, dkt. no. 61. Now the defendant's new counsel has filed a motion asking the court to "review and revoke" its November 9, 2018 order. Dkt. No. 65. The court will deny that motion.

The recent motion contains no new information. Counsel correctly notes that if there is clear and convincing evidence that the defendant is not a danger to the community the court must release him. Id. at 2. That was the standard when Judge Joseph decided—*twice*—that the defendant should be detained, it was the standard when this court affirmed Judge Joseph's decision in November. The defendant's lawyer concedes that the court told the defendant,

when it deferred revocation and gave him the chance to continue working and supporting his family, that "if he had any violations for drug possession or selling of drugs . . . the court would be far less inclined to give the defendant any more chances," id. at 3 (citing Dkt. No. 41 at 2). Counsel argues, however, that "being less inclined to give another chance is not a complete bar from potentially being released if [the defendant] can show, by clear and convincing evidence, that he is not a danger to the safety of any person or the community and is not a flight risk." Id. at 3.

Judge Joseph did not order the defendant detained because she believed he was a risk of flight. This court did not order the defendant detained because it believed the defendant was a risk of flight. The court detained the defendant because he has not demonstrated by clear and convincing evidence that he is not a danger to the community.

This new motion does not change that conclusion. Nothing in this new motion shows, by clear and convincing evidence, that the defendant does not pose a danger to the community. While the defendant was on supervised release, he was charged with fleeing and eluding an officer. Dkt. No. 31. As the court explained in its November 2018 order, "The car in which the defendant had fled contained items such as a digital scale, plastic baggies, a large amount of cash and a cell phone—arguably indicia of drug dealing." Dkt. No. 57 at 1-2. Despite that fact, the court did not revoke the defendant. He eventually pled guilty to those charges, and yet when he appeared for *mandatory* revocation on

October 27, 2017, the court deferred revocation and allowed the defendant to serve his Huber sentence.

The parties next appeared January 11, 2018, and the defense asked the court to adjourn the revocation hearing again to a date closer to the expiration of the defendant's supervised release. The government did not strongly object, but expressed concern that the long delay might tempt the defendant to slide back into his old ways. That concern was what prompted the court to tell the defendant that if he had any drug violations, it would be less inclined to give him any more chances. Not quite three weeks later, probation notified the court of the allegations that the defendant had sold .3 grams of heroin to a confidential informant.

The new motion argues that .3 grams of heroin is an "extremely small amount." Dkt. No. 65 at 4. Whether that amount is small or not is relative, and frankly is not relevant to the court's determination of whether the fact that the defendant was out there, on supervised release, selling *heroin*, constituted a danger to this community. Selling heroin is a danger to the community. Period.

The motion argues that there are legal problems in the state case—that there may be questions about the legality of a search, and that counsel has challenged a search that produced audio and video of conversations that occurred in his home. The question before this court is not whether the defendant will be convicted on the charges pending in state court. The question is whether there is evidence indicating that he is a danger to the community. There is.

The facts that the defendant's prior history involves, as counsel puts it, "minor state infractions, in which no one died;"[1] that the defendant is committed to his family and is responsible for helping them; that before the violations listed in the revocation report he was doing well on supervision; and that the state court granted him bail are not new facts. They do not show, by clear and convincing evidence, that he is not a danger to the community.

The new motion focuses solely on the charge currently pending in state court—the heroin charge. It makes no mention of the fact that the defendant pled guilty to fleeing and eluding under circumstances that implied that he was involved in drug dealing at that time, nor does it acknowledge that fleeing police when they are performing their lawful duties poses risks to the police, to innocent citizens and to the people who flee. It makes no mention of the allegations that the defendant was involved in credit card fraud while on supervised release. It trivializes the fact that the defendant has been charged with selling heroin, a drug which one needs look no further than the daily newsfeed to know kills people in this community on an alarmingly regular basis.

The motion also suggests that the court has not considered the fact that being in jail has a negative impact on a defendant's social, emotional, familial and economic well-being, as well as his mental well-being. After seven years as a prosecutor, over eight as a defense attorney, and over four as a district court

---

[1] The court is unaware of any law stating that if a defendant does not have a record of killing someone, or even physically injuring someone, that person cannot be considered a danger to the community.

judge, the court has heard from many people the negative impact of custody on defendants and the people they love. The court does not take those negative impacts lightly in any case, and it does not take them lightly in this one. The court does not doubt that being in jail is having negative effects on the defendant and his family, and the court does not take pleasure in that fact.

But the court gave the defendant three different opportunities to stay out in the community—once when it modified the conditions of his release after his arrest on the fleeing/eluding charges, a second time when it deferred revocation in October 2017 and a third time when it deferred revocation in January 2018. The defendant did not take advantage of those opportunities. Counsel is right that the court did not say, "Mr. Morris, if you have drug violations, I will revoke you and lock you up." It did say it would be less inclined to give him additional chances. That is true, and the court is not inclined to give the defendant yet another chance to endanger the community prior to his revocation hearing.

The defendant's final pretrial conference in the state case is scheduled for March 5, 2019; his trial is scheduled for April 1. He will appear before this court on April 9, 2018. The parties may make their arguments as to the appropriate sentence at that time.

Finally, the recent motion asked that if the court denied the motion, it "enter an order that [the defendant] be moved to a more long-term facility such as Kenosha County Detention Center as the Milwaukee County Jail is inadequate for long-term stay." Dkt. No. 65 at 9. This court will not grant that

request. The marshal's service, not this court, decides where to house federal detainees. It makes those decisions based on contracts with various local jails, available bed space, security classifications and other factors. The court does not insert itself into those decisions, because it does not have sufficient information about all of those factors to do so. Further, the defendant's revocation hearing is forty-five days away. That is not a "long-term stay." The defendant is free to take up his request with the marshal service.

The court **DENIES** the defendant's Motion to Review and Revoke Detention Order. Dkt. No. 65.

Dated in Milwaukee, Wisconsin this 25th day of February, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER
United States District Judge**